**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

JEREMY CORNELL JONES                                                       PLAINTIFF
ADC #138057

v.                                          2:23-cv-00071-BSM-JJV

MARNI DICKERSON, Nurse,
Crittenden County Detention Center; *et al.*                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Brian S. Miller.   Any party may serve and file written objections to this

Recommendation.   Objections should be specific and include the factual or legal basis for the

objection.   If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.   Your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of this

Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

## I.      DISCUSSION

Jeremy Cornell Jones ("Plaintiff") was a convicted prisoner in the Crittenden County

Detention Center when he filed this lawsuit, but he is no longer in that facility.   (Docs. 2, 4.)   In

a *pro se* Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff says Defendants Nurse Marni

Dickerson and Officer Shantel Northenton violated his constitutional rights by threatening to spray

him with mace, denying him adequate medical care for an ankle injury, and failing to protect him

from harm.   (Doc. 2.)   After careful consideration and for the following reasons, I recommend

the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, Plaintiff has also named the Crittenden County Detention Center as a Defendant. But it is well settled jails are not entities that can be sued in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008).

Second, Plaintiff has sued Defendants Dickerson and Northenton in their official capacities only, which "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Crittenden County cannot be held vicariously liable for its employees' actions in a § 1983 lawsuit. *See Id.* Instead, Crittenden County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such allegations, Plaintiff has not pled a plausible official capacity claim.

Third, even if Plaintiff had named Defendants Dickerson and Northenton in their personal capacities, the Complaint falls short of stating plausible claims against them. Plaintiff says on January 5, 2023, a doctor gave him a boot and crutches to use for an ankle injury. On January 10, 2023, Nurse Dickerson and Officer Northenton allegedly threatened to spray Plaintiff with mace when he refused to give them his crutches. But he does not say they actually sprayed him or

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

otherwise used any force against him.   Mere threatening or abusive language is not enough to

sustain a constitutional violation.   *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Kurtz v.*

*City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001).

Plaintiff also believes Nurse Dickerson and Officer Northenton failed to provide him with

adequate medical care by taking away his crutches and forcing him to walk on his booted ankle.

To plead a plausible inadequate medical care claim, a prisoner must provide facts suggesting: (1)

he had an objectively serious need for medical care; and (2) each defendant subjectively knew of,

but deliberately disregarded, that serious medical need.   *See Shipp v. Murphy*, 9 F.4th 694, 703

(8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018).   Deliberate indifference is a

high threshold that goes well beyond negligence or gross negligence.   *Langford v. Norris,* 614

F.3d 445, 460 (8th Cir. 2010).   To establish deliberate indifference, there must be evidence the

defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was

inappropriate in light of that risk."   *Shipp,* 9 F.4th at 703 (emphasis in the original).

Plaintiff has not pled any facts suggesting Nurse Dickerson and Officer Northenton acted

with deliberate indifference when they took his crutches, which could be used as a weapon by

Plaintiff or other prisoners.   Here, Plaintiff admits his ankle was supported by a boot, and he has

not pled any facts suggesting he was harmed by not having crutches.   *Langford*, 614 F.3d at 460

(a mere disagreement with the course of medical care does not rise to the level of a constitutional

violation); *Long v. Nix,* 86 F.3d 761, 765-66 (8th Cir. 1996) (a disagreement between medical

professionals about the appropriate treatment does not rise to the level of a constitutional

violation).

Plaintiff further alleges Nurse Dickerson failed to provide him with adequate medical care

by allowing jailers to pass out his medication.   But prisoners "have no constitutional right to have

3

their medication dispensed by a licensed medical practitioner." *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1116 (N.D. Tex. 2001); *see also Palmer v. Helder*, 14-5180, 2015 WL 13736233, *7 (W.D. Ark. June 30, 2015) (unpublished decision); *Dougherty v. Lakin*, No. 3:15-cv-00396, 2015 WL 2016345, *2 (S.D. Ill. May 1, 2015) (unpublished opinion).    Plaintiff also says jailers gave out the wrong medication.    But he has not named these jailers as defendants, explained how often he personally received the wrong medication, or how he was harmed.    *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Zentmyer v. Kendall Cnty. Ill.,* 220 F.3d 805, 811 (7th Cir. 2000) (periodic, negligent failure to properly dispense prescription medications is not deliberate indifference, and thus, insufficient to sustain a constitutional claim); *Mason v. Corr. Med. Servs., Inc.,* 559 F.3d 880, 885 (8th Cir. 2009) (to state a plausible claim, there must be facts demonstrating the prisoner was harmed by the allegedly inadequate medical care).    Thus, Plaintiff has not pled a plausible inadequate medical care claim.

Finally, Plaintiff says Nurse Dickerson failed to protect him from harm by moving him from the medical pod to general population where he could not "defend myself."    (Doc. 2 at 4.) But Plaintiff does not claim any of the detainees in general population threatened to harm him. To state a viable failure to protect claim, there must be facts: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded that substantial risk of serious harm.    *Hodges v. Minn.*, 61 F.4d 588, 592 (8th Cir. 2023); *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020).    Plaintiff's general fear he could have been harmed by other inmates because his ankle wsa in a boot is too speculative to support either element of a failure to protect claim.    Accordingly, I conclude he has not pled any plausible claims even if he had named

4

Defendants in their personal capacities.

The time for Plaintiff to file an Amended Complaint curing these pleading deficiencies has passed.  (Doc. 3.)  And, because the Court does not have a valid mailing address for Plaintiff, it would be futile to given him an extension of time to file an Amended Complaint.  (Doc. 4.)  Thus, for the reasons explained herein, I recommend the Complaint be dismissed without prejudice for failing to plead a plausible claim for relief.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE